# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

**LARRY K. RICHARDSON**                                                                        **PLAINTIFF**

**V.**                   **CASE NO. 1:16-CV-00116 JTK**

**NANCY A. BERRYHILL, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**
**ADMINISTRATION**                                                       **DEFENDANT**

## ORDER

### I. Introduction:

Plaintiff, Larry K. Richardson, applied for disability benefits on September 2, 2014, alleging a disability onset date of October 1, 2013. (Tr. at 16). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 26). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Richardson has requested judicial review.

For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

### II. The Commissioner's Decision:

The ALJ found that Richardson had not engaged in substantial gainful activity since the alleged onset date of October 1, 2013 (Tr. at 18). The ALJ found, at Step Two of the sequential five-step analysis, that Richardson has the following severe impairments: degenerative disc disease and carpal tunnel syndrome. *Id.*

At Step Three, the ALJ determined that Richardson's impairments did not meet or equal a listed impairment. (Tr. at 20). Before proceeding to Step Four, the ALJ determined that Richardson

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

had the residual functional capacity ("RFC") to perform sedentary work, except that he is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and is also limited to occasional overhead bilateral reaching. (Tr. at 21). The ALJ next determined that Richardson is unable to perform any past relevant work. (Tr. at 24). At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Richardson's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 25). Based on that determination, the ALJ held that Richardson was not disabled. (Tr. at 25-26).

### III. Discussion:

#### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

#### B. Richardson's Arguments on Appeal

Richardson argues that substantial evidence does not support the ALJ's decision to deny benefits, because the RFC did not incorporate all of his limitations. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's [RFC], the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of [his] impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

Richardson suffers from chronic pain arising from disc degeneration, and he had fusion surgery on December 9, 2015. (Tr. at 586-588). Prior to that, a cervical MRI showed evidence of a prior 2008 fusion, with no disc herniation or nerve root encroachment. (Tr. at 374). A hip x-ray showed no acute findings. (Tr. at 422). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004).

Richardson points to the opinion of state-agency medical consultant, Dr. Ananduraj Subramanium, M.D., for his position that he was disabled. Dr. Subramanium said that Richardson would have moderate limitation on prolonged walking, standing, sitting, or lifting. (Tr. at 414-416). However, this opinion, dated February 17, 2015, is not consistent with the doctor's own clinical exam, which found normal reflexes, no muscle spasm or weakness, negative straight-leg raise, and normal gait and coordination. *Id*. He found normal gait and coordination but also found that Richardson could not perform a heel to toe walk, which is inconsistent. Physician opinions that are internally inconsistent are entitled to less deference than they would receive in the absence of inconsistencies. *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005). Moreover, the moderate postural limitations assigned by Dr. Subramanium align with the RFC for sedentary work with postural limitations. The RFC also reflected the opinions of non-examining physicians who

prescribed sedentary work with postural limitations. (Tr. at 123, 138).

Richardson experienced relief from pain medications. On June 4, 2014, December 6, 2014, January 7, 2015, and March 6, 2015, Richardson's doctor noted that he was stable on his current medications. (Tr. at 446, 458, 465, 490). He said he was "feeling better" and getting relief from his medications in September and November 2014. (Tr. at 469, 477). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

While lumbar x-rays showed disc space narrowing and severe foraminal narrowing on October 29, 2015, that diagnosis was remediated by posterior fusion surgery on December 9, 2015. (Tr. at 587). X-rays looked stable after surgery. (Tr. at 590, 720). In February 2016, Richardson said his medication was working fairly well. (Tr. at 732). He did not seek treatment after that.

Finally, Richardson indicated he could perform some activities of daily living. He could help feed his pets, occasionally drive, shop for groceries, and fish. (Tr. at 23, 245-251). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). The ALJ properly considered the record as a whole to assign an RFC reflective of all of Richardson's credible limitations.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ's RFC was proper. The finding that Richardson was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is affirmed. The case is dismissed, with prejudice.

4

IT IS SO ORDERED this 12th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE